**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TAMMARA THOMPSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

    Defendant.

Case No. CV 10-6799-SP

**MEMORANDUM OPINION AND ORDER**

## I.

## INTRODUCTION

On September 17, 2010, plaintiff Tammara Thompson filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

A single disputed issue is presented for decision here: whether the Administrative Law Judge's ("ALJ") determination at step four – that plaintiff is

capable of performing past relevant work as a retail sales clerk – is consistent with plaintiff's residual functional capacity ("RFC") and supported by substantial evidence. Joint Stipulation ("JS") at 5-16, 17-25, 26-28.

Having carefully studied, inter alia, the parties' joint stipulation and the administrative record, the court concludes that, as detailed herein, the ALJ failed to make specific findings of the relation of plaintiff's RFC to the physical and mental demands of her past relevant work as actually performed, and the ALJ's finding that plaintiff could return to her past relevant work as generally performed is inconsistent with her RFC. But such error was harmless in light of the ALJ's alternative finding that plaintiff could perform other work that exists in the national and regional economies. Therefore, the court affirms the Commissioner's decision denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 45 years old on the date of her January 21, 2010 administrative hearing, has a high school education. *See* Administrative Record ("AR") at 42, 45, 177. Her past relevant work includes employment as a security guard and retail sales clerk. *Id.* at 72-73, 197-99.

Plaintiff has filed three prior applications for SSI and at least one prior application for DIB – all based on an alleged disability beginning December 22, 1999. *See* AR at 22. Plaintiff's DIB application was denied by ALJ Levine on March 26, 2004. *Id.* at 23. Plaintiff's first SSI application was filed on March 16, 2001, which was denied initially and upon reconsideration. *Id.* at 22. Plaintiff did not appeal. *Id.* Plaintiff's second application for SSI, filed on August 20, 2002, was denied at the hearing level by ALJ Levine. *Id.* Plaintiff sought review by the Appeals council but review was denied. *Id.* On April 6, 2004, plaintiff filed a third application for SSI, which was denied by ALJ Schloss on August 6, 2007. *Id.* at 22, 82-93. Review of ALJ Schloss's decision was denied by the Appeals Council. *Id.* at

22.

After those benefits denials, plaintiff filed the applications for SSI and DIB at issue here on September 24, 2007 and October 10, 2007, respectively. AR at 144-47, 148-52. Plaintiff alleged that she has been disabled since December 22, 1999 due to chronic fatigue, asthma, back and neck injuries, bad feet, heel spurs, fibromyalgia, depression with anxiety, carpal tunnel, disc disease, and arthritis in the knees, neck and back. *Id.* at 22, 46, 102, 144-47, 148-52. Plaintiff's applications were denied initially and upon reconsideration, after which she filed a request for a hearing. *Id.* at 96, 97, 98, 99, 102-08, 109, 110, 111, 112-14.

On January 21, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 40, 42-73, 79-81. The ALJ also heard testimony from Elizabeth G. Brown-Ramos, a vocational expert ("VE"). *Id.* at 74-78, 138-40. On March 23, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 22-35.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. AR at 25.

At step two, the ALJ found that plaintiff continues to suffer from the severe impairments previously identified by ALJ Schloss, consisting of "asthma and degenerative disc disease of the cervical spine at the CS-C7 levels with mild indentation on the thecal sac." AR at 26. The ALJ also found that plaintiff's medically-determined impairments are, in combination, severe. *Id.* In addition to the severe impairments just listed, plaintiff's other medically-determined impairments include heel spurs/plantar fasciitis, depression, carpal tunnel syndrome, disc degeneration at L4-5, and mild degenerative arthritis of the thoracic spine. *Id.*

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically

equal the severity of any listing set forth in the Social Security regulations.[1]  AR at 27.

The ALJ then assessed plaintiff's RFC[2] and determined that she can perform light work with the following limitations: "lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for six out of eight hours, and sit for six hours in an eight-hour workday"; "occasionally reach overhead with her right upper extremity, and . . . frequently, but not constantly, handle and finger"; "occasionally climb, balance, stoop, kneel, crouch, and crawl, but . . . never climb ladders, ropes, or scaffolds"; and "needs a clean air environment and cannot work in extreme temperatures."[3]  AR at 28 (emphasis omitted).

The ALJ found, at step four, that plaintiff is capable of performing past relevant work as a Retail Sales Clerk (Dictionary of Occupational Titles ("DOT") No. 290.477-014).  AR at 33-34.

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[3] Under *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988), a binding determination of non-disability creates a presumption of continuing non-disability with respect to the period after the date of the prior decision, which can be rebutted if there are "changed circumstances." *See also Vasquez v. Astrue*, 572 F.3d 586, 597 (explaining that presumption does not apply where the claimant raises a new issue, such as the existence of an impairment not considered previously).  Here, the ALJ found that plaintiff established new impairments, and therefore the *Chavez* presumption did not apply. *See* AR at 29.  Nevertheless, because the ALJ found that there were few material changes in plaintiff's impairments from the time of ALJ Schloss's decision and the instant decision, the ALJ essentially adopted ALJ Schloss's earlier RFC findings, with one additional limitation. *Id.* at 30, 33.

The ALJ found, in the alternative, that even if plaintiff was "limited to sedentary work," she is not disabled at step 5 because she could still perform other work in the national and local economies that existed in significant numbers. AR at 34-35. Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 23, 35.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-4, 12. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the

1 evidence can reasonably support either affirming or reversing the ALJ's decision,
2 the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*
3 (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

Plaintiff argues that the ALJ's determination that plaintiff "could perform her past relevant work of retail sales clerk . . . as actually and as generally performed . . . constitutes legal error." JS at 7. Specifically, plaintiff argues that she "does not have the ability to perform the past work either as actually performed or as generally performed because she does not possess the requisite physical ability to do so in light of the ALJ's assessed [RFC]." *Id.* at 7-8. The court agrees that the ALJ erred in this step four determination, but finds the error harmless given the ALJ's alternative step five determination.

### A. The ALJ Erred at Step Four

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make specific findings as to: (1) "the claimant's residual functional capacity"; (2) "the physical and mental demands of the past relevant work"; and (3) "the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling ("SSR") 82-62.[4] But the ALJ is not required to make

---

[4] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give

6

1  "explicit findings at step four regarding a claimant's past relevant work both as
2  generally performed *and* as actually performed." *Pinto*, 249 F.3d at 845.

3      ALJs routinely rely on the DOT "in determining the skill level of a claimant's
4  past work, and in evaluating whether the claimant is able to perform other work in
5  the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990)
6  (citations omitted); *see also* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is
7  source of reliable job information). The DOT is the presumptive authority on job
8  classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ
9  may not rely on a vocational expert's testimony regarding the requirements of a
10 particular job without first inquiring whether the testimony conflicts with the DOT,
11 and if so, the reasons therefor. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir.
12 2007) (citing SSR 00-4p). In order for an ALJ to accept vocational expert testimony
13 that contradicts the DOT, the record must contain "persuasive evidence to support
14 the deviation." *Pinto*, 249 F.3d at 846 (internal quotation marks and citation
15 omitted). Evidence sufficient to permit such a deviation may be either specific
16 findings of fact regarding the claimant's residual functionality, or inferences drawn
17 from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789,
18 793 (9th Cir. 1997) (citations omitted).

19     Here, the ALJ failed to make specific findings as to the relation of plaintiff's
20 RFC to her past work. The ALJ's finding at step four – that plaintiff "can return to
21 her past relevant work as a Retail Sales Clerk, as actually performed and as generally
22 performed throughout the national economy" (AR at 34) – was conclusory and
23 devoid of any explanation for his finding, except to state it was based on the VE's
24 testimony. *See id.* at 33-34; *see also Carmickle*, 533 F.3d at 1167 ("the ALJ always

---

27 them some deference. We will not defer to SSRs if they are inconsistent with the
   statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir.
28 2001) (internal citations omitted).

1 | has a duty to make the requisite factual findings to support his conclusion at step
2 | four" (internal quotation marks and citation omitted)).

3 |     Further, to the extent the ALJ did give any hint of the bases for his findings,
4 | they appear contradictory. As noted above, in assessing plaintiff's RFC, the ALJ
5 | found that plaintiff could perform light level work with various limitations – notably
6 | that plaintiff can only occasionally reach overhead with her right upper extremity,
7 | stand/walk for six hours in an eight-hour workday, and can frequently but not
8 | constantly handle and finger. *See* AR at 28. The ALJ then proceeded to find
9 | plaintiff capable of performing past relevant work as a retail sales clerk (DOT No.
10 | 290.477.014) both "as actually . . . and . . . generally performed." AR at 34. The
11 | parties agree, and this court finds, that the DOT description of retail sales clerk work
12 | as generally performed is light work (JS at 7, 9, 20), which requires, inter alia,
13 | frequent reaching with both extremities. Yet the ALJ determined – "[b]ased on the
14 | testimony of the [VE]" (AR at 34) – plaintiff capable of working as a retail sales
15 | clerk as "generally performed," and cited to the relevant DOT section, without
16 | including any findings or explanation for how he determined that a plaintiff he found
17 | limited to "occasionally reach[ing] overhead with her right upper extremity" was
18 | nonetheless capable of frequently reaching with both extremities.

19 |     Defendant also argues that the record supports the ALJ's finding that plaintiff
20 | is capable of performing her past work as she actually performed it. JS at 23-24.
21 | This court disagrees. The ALJ made no specific findings regarding the physical and
22 | mental demands of plaintiff's past work as she actually performed it (*see* AR at 72-
23 | 73 (the ALJ simply elicited testimony from plaintiff that she was a sales floor
24 | associate at Walmart and that her duties included working the registers and directing
25 | customers)), nor did he make specific findings regarding the relation of plaintiff's
26 | RFC to her past work as she actually performed it (*id.* at 33-34). The ALJ simply
27 | referenced the VE's testimony in a conclusory fashion to find plaintiff could perform
28 | this work. *Id.* at 34. Under these circumstances, "the court has no basis on which to

8

1  review the agency's decision" that plaintiff could perform her past relevant work.
2  *Carmickle*, 533 F.3d at 1167; *see also Pinto*, 249 F.3d at 847 ("Requiring the ALJ to
3  make specific findings on the record at each phase of the step four analysis provides
4  for meaningful judicial review." (citation omitted)).

5       B.     The ALJ's Step Four Error Was Harmless

6  An ALJ's error is harmless where such error is inconsequential to the ultimate
7  non-disability determination. *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006);
8  *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the
9  ALJ will not be reversed for errors that are harmless."); *Curry v. Sullivan*, 925 F.2d
10 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative
11 decisions regarding disability). An ALJ's erroneous step four determination is
12 harmless error if "the ALJ properly concluded as an alternative at step five that [the
13 claimant] could perform work in the national and regional economies." *Tommasetti*
14 *v. Astrue*, 533 F.3d 1035, 1044 (9th Cir. 2008); *see also Cadena v. Astrue*, 365 Fed.
15 Appx. 777, 780 (9th Cir. 2010) (citable for its persuasive value per Ninth Circuit
16 Rule 36-3) (holding that the ALJ's alternative ruling at step five that the claimant
17 could perform light, unskilled work that existed in significant numbers in the
18 national economy rendered the ALJ's step four error harmless).

19 Here, as in *Tommasetti* and *Cadena*, the ALJ made an alternative finding of
20 non-disability at step five. *See* AR at 34-35. The ALJ properly concluded that even
21 assuming plaintiff could not perform past work and is limited to sedentary work, she
22 could still perform other work in the national and local economies that existed in
23 significant numbers. *Id.* During the hearing, the VE testified about three alternative
24 occupations at the sedentary exertional level that plaintiff could perform: (1) Call-
25 Out Operator (DOT No. 237.367-014) with 5,000 local positions and 500,000
26 national positions; (2) Table Worker, Spotter (DOT No. 739.687-182) with 1,000
27 local positions and 140,000 national positions; and (3) Bonder, Electronics (DOT
28 No. 726.685-066) with 2,000 local positions and 250,000 national positions. AR at

77-78.

Plaintiff argues, and the court agrees, that the ALJ failed to include plaintiff's reach limitation in the hypothetical posed to the VE. JS at 16; *see* AR at 77. The ALJ also failed to include plaintiff's handling and fingering limitations in the hypothetical. *See* AR at 77. But such error was harmless because, even if such reaching, handling, and fingering limitations were included in the hypothetical to the VE, plaintiff would still have been found capable of performing work as Call-Out Operator (requires occasional reaching, handling, and fingering) and Bonder, Electronics (requires occasional reaching, and frequent handling and fingering). Both positions require reaching, handling, and fingering abilities that are consistent with plaintiff's limitations. *See* DOT No. 237.367-014; DOT No. 726.685-066.

Accordingly, although the ALJ erred at step four in finding that plaintiff could perform her past relevant work, this error was harmless in light of the ALJ's proper finding at step five that plaintiff could perform a variety of work readily available in the local and national economy.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: October 31, 2011



_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE